UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SHERICE CROFT, EMILIE NICHOLSON, ROBERT POEHL, And KYLE POEHL<br>    Plaintiff | NO.: 1:13-cv-926 |
| vs. | |
| SCOTT & WHITE HOSPITAL – BRENHAM; LONNIE HERMANN, M.D.; AND LUTHERAN SOCIAL SERVICES OF THE SOUTH, INC.<br>    Defendants | MAGISTRATE JUDGE:<br><br>JUDGE: |

## ORIGINAL COMPLAINT

The Complaint of Sherice Croft, a resident of the State of Louisiana; Emilie Nicholson, a resident of Hillsborough County, Florida; Robert Poehl, a resident of Pasco County, Florida; and Kyle Poehl, a resident of Pasco County, Florida; respectfully represents as follows:

1.

Plaintiffs, Sherice Croft, is an individual and natural heir of the deceased, Charles Poehl, and a resident of Bossier Parish, Louisiana; Emilie Nicholson, is an individual and natural heir of the deceased, Charles Poehl, and a resident of Hillsborough County, Florida; Robert Poehl, is an individual and a natural heir of the deceased, Charles Poehl, and a resident of Pasco County, Florida; and Kyle Poehl, is an individual and natural heir of the deceased, Charles Poehl, and a resident of Pasco County, Florida.

2.

Named as Defendants herein are:

A. SCOTT & WHITE HOSPITAL – BRENHAM ("Defendant Scott & White"), a corporation that is incorporated under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served with process by serving its registered agent, Jimmy L. Carroll, at 2401 South 31st Street, Temple, Texas 76508.

B. LONNIE HERMANN, M.D. ("Defendant Hermann"), an individual and a citizen of the State of Texas, may be served with process at 204 Brosig Avenue, Novasota, Texas 77868.

C. LUTHERAN SOCIAL SERVICES OF THE SOUTH, INC. – KRUSE VILLAGE ("Defendant Kruse Village"), a corporation that is incorporated under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served with process by serving its registered agent, Kurt M. Senske, at 8305 Cross Park Drive, Austin, Texas 78754.

3.

JURISDICTION AND VENUE

This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 because the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs. All plaintiffs herein are citizens of the States of Louisiana and Florida. All defendants herein are citizens of the State of Texas. Venue is proper in this District and Division under 28 U.S.C. § 1391(b) (2) as a substantial part of the events or omissions giving rise to the claim occurred here, and in particular the incident of August 10, 2011, which is the basis for the bringing of this lawsuit.

4.

PROCEDURE

The alleged medical negligence occurred on or about August 10, 2011. In accordance with Section 4.01 of The Medical Liability and Insurance Improvement Act of Texas (Hereinafter referred to as "MLIIA"), article 4590i, plaintiffs gave written notice of such claim by certified mail, return receipt requested, to each physician or health care provider whom such claim is being made on August 2, 2013, at least 60 days before the filing of the present suit based upon a health care liability claim. By virtue of that written notice, MLIIA tolled the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties, providing for a total statute of limitations of 2 years and 75 days following the alleged malpractice of August 10, 2011.

5.

FACTS

Plaintiff's claims are based on an incident occurring on or about August 10, 2011.

Mr. Charles Poehl was an 80-year-old resident at Lutheran Social Services of the South, Inc. – Kruse Village, where he fell to the ground striking the back of his head and elbow on the morning of August 10, 2011. Mr. Poehl was transported via EMS at approximately 08:15 a.m. to Scott & White Hospital – Brenham, where he was treated by Dr. Lonnie Hermann.

Mr. Poehl was diagnosed with an abrasion, left elbow laceration and syncope, and was discharged back to Lutheran Social Services of the South, Inc. – Kruse Village. No CT scan or MRI were performed of Mr. Poehl's head. Mr. Poehl experienced severe vomiting and an altered mental state the rest of the day, yet no steps were taken to return him to Scott & White

Hospital until approximately 08:33 p.m., some 12 hours after his return to Lutheran Social Services of the South, Inc. – Kruse Village.

On this occasion, a CT scan was performed, which revealed a right subdural hemorrhage, right frontal hematoma with surrounding edema and 8 mm of midline shift, occurring as a result of his fall earlier that morning, all of which went negligently undetected at his morning ER visit. Mr. Poehl was transferred to College Station Medical Center for a higher level of care, but passed away five (5) days later due to an intracranial hemorrhage.

6.

Plaintiff shows that the aforementioned incident was caused solely and proximately by the negligence of Scott & White Hospital – Brenham, Lonnie Hermann, M.D., and Luthern Social Services of the South, Inc., including but not limited to the following particulars:

    a.    In failing to monitor and perform the necessary tests on Mr. Poehl to determine the extent of his severe head injury;

    b.    In discharging Mr. Poehl before the appropriate standard of care dictated, given his injury;

    c.    In allowing his injury to progress to a fatal disposition by not recognizing the severity of his presenting injuries;

    d.    In failing to recognize his symptoms;

    e.    In failing to provide appropriate medical or diagnostic care;

    f.    In failing to timely consult with a physician given his multiple episodes of vomiting following a head injury;

    g.    In failing to timely return Mr. Poehl to the emergency room, despite his worsened condition;

  h.  All other acts of negligence known and unknown to be shown more specifically at trial on the merits and through discovery.

Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the above-referenced occurrence and Mr. Poehl's injuries and death.

### 7.

### PERSONAL INJURIES AND DAMAGES

As a result of Defendants' actions, Mr. Poehl has suffered severe bodily injury and death. Consequently, Plaintiffs seek the following damages:

  a.  Medical Expenses: Mr. Poehl has incurred bodily injuries. Mr. Poehl has incurred medical expenses in connection with said injuries;

  b.  Physical Pain: Mr. Poehl has endured physical pain in the past;

  c.  Loss of love and affection of their father, Charles Poehl;

  d.  Mental pain, and anguish;

  e.  Emotional distress;

  f.  Loss of society;

  g.  Wrongful death of their father;

  h.  Funeral expenses; and

  i.  Other damages known and unknown to be shown more specifically at trial on the merits and through discovery.

8.

## JURY DEMAND

Plaintiffs asserts their rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

9.

## RELIEF SOUGHT

Plaintiffs requests that Defendants be cited to appear and answer, and that this case be tried after which Plaintiff recovers:

a. Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages indicated above;

b. Pre-judgment interest at the maximum amount allowed by law;

c. Post-judgment interest at the maximum rate allowed by law;

d. Costs of suit; and

e. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: s/ Patrick R. Jackson
Patrick R. Jackson
Patrick R. Jackson, A.P.L.C.
Texas Bar No. 24002341
4442 Viking Drive, Suite 100
Bossier City, Louisiana, 71111
Telephone: (318) 752-3335
Facsimile: (318) 752-3315
Attorneys for Plaintiffs